**Les MAZURKIEWICZ and Anna Mazurkiewicz, Plaintiffs,**

**v.**

**NEW YORK CITY TRANSIT AUTHORITY, P.O. Victor Di Donato, P.O. Susan Werman, P.O. Barbara Van Cook, P.O. James McFarland and Sgt. Arthur Smith, Police Officers John Does, individually and in their official capacities, Defendants.**

**No. 91 CIV. 6764 (CBM).**

United States District Court, S.D. New York.

Sept. 25, 1992.

---

**MEMORANDUM OPINION RE DEFENDANT'S MOTION TO DISQUALIFY THE ATTORNEY FOR PLAINTIFF**

MOTLEY, Senior District Judge.

The defendants motion to disqualify plaintiff's counsel is denied.  Movants have failed to sustain their heavy burden that is the obligation of the party seeking to disqualify counsel for the opposing party. *Bennet Silvershein Assoc. v. Furman,* 776 F.Supp. 800, 802 (S.D.N.Y.1991) (noting that in the Second Circuit "[m]otions to disqualify opposing counsel are viewed with disfavor").

█  1.  Defendant claims that plaintiff's counsel, Mr. Ryan, is required to testify regarding the content of several conversations.  Plaintiff's counsel has indicated, however, that in regard to these conversations, said conversations are on tape or otherwise recorded.

---

Defendant argues that many of the facts in question cannot be stipulated to, and also argues that while some facts may be undisputed, the inference from these facts is not. Therefore, defendant claims, plaintiff's attorney must be disqualified since he has not expressed his willingness to stipulate the inferences to be drawn from the stipulated facts.

As to the first point, defendant has failed to indicate which facts, if any, cannot be stipulated to. As to the second point, this argument is not well taken. It is the nature of litigation that parties disagree upon the interpretation of certain facts. That such disagreement exists in this case, as it does in almost all cases, does not serve as reason to disqualify plaintiff's chosen counsel.

■ 2. Defendant also argues that Mr. Ryan is required to testify regarding his decision not to call two witnesses to testify at Mr. Mazurkiewicz's criminal trial. Of course, counsel make their own decisions in regard to their trial strategy. Defendant's contention that such failure to call the witnesses is evidence of plaintiff's belief that their testimony would be damaging, and thus that defendant must put plaintiff's attorney on the stand to testify as to their testimony, is unsupported in the evidence, and untenable as a matter of law.

Defendant can, of course, call the controverted witnesses himself. In addition, defendant is seeking to question and impugn plaintiffs criminal trial strategy, implying some ulterior motive in the witness selection and nonselection. Since, of course, plaintiff was acquitted on all charges in the criminal trial, such strategy was clearly successful. To imply that Mr. Ryan "knew" of unsupportive testimony and that such knowledge necessarily disqualifies him, would lead to the argument that all counsel who represent the same client in different but related trials cannot continue to do so.

In any event, defendant's counsel is not entitled to the information he seeks as it is protected by the attorney-client privilege and attorney work product privilege.

■ 3. Defendant also seeks to have Mr. Ryan testify as to his advice to his client re cooperation with the Civilian Complaint Unit of defendant Transit Authority. Such advice falls under the rubric of protected attorney-client communication, and as such is of course protected against the kind of disclosure that defendants seek.

4. Disqualification would wreak a significant hardship on the plaintiff. Mr. Ryan has represented plaintiff for several years, and at this date a change of counsel would cause a delay in the proceedings that is not justified by the concerns that defendant raises.

5. Dr 5–101(B), which defendants cite (and which in any event does not bind this court) states that a lawyer shall not accept employment when "it is *obvious* that he or a lawyer in his firm *ought* to be called as a witness" (emphasis added). For the reasons stated above, it is by no means obvious that there is any significant reason to call Mr. Ryan as witness.

Furthermore, the cases cited by movant are simply inapposite to the case at bar. In this case, in contradistinction to the cases collected by defendant, it is not the behavior of the attorney that is in question, but the alleged behavior of the defendants.

Therefore, the motion is denied.