**Randolph HERR, Plaintiff,**

v.

**UNION LOCAL 306, Motion Picture Projectionists, Video Technicians and Allied Crafts, I.A.T.S.E., Defendants.**

No. 92 Civ. 5447 (SAS).

United States District Court,
S.D. New York.

Aug. 9, 1996.

---

Merrick J. Brodsky, Brooklyn, NY, for Plaintiff.

April D. Harris, Franklin K. Moss, Spivak, Lipton, Watanabe, Spivak & Moss, New York City, for Defendant.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendant Union Local 306 ("Local 306" or "the Union") moves to disqualify Merrick J. Brodsky ("Brodsky") as counsel to Plaintiff Randolph Herr ("Herr"). For the reasons discussed below, the motion is denied.

### I. Factual Background [1]

The events that prompted this motion occurred at three separate monthly meetings of Local 306 in June, September and October 1992. Herr claims that the Union violated § 301 of the Labor Management Reporting Act ("LMRA"), 29 U.S.C. § 185, by breaching its duty of fair representation after Herr was discharged from his job as a movie projectionist by Cineplex Odeon Corporation.[2] Herr also claims that Local 306 violated § 101 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411, by interfering with Herr's presentation of his case to the union membership at the meetings in question, and by improperly adjourning the June 1992 meeting.

Brodsky, himself a full-time projectionist employed by the bargaining unit represented by Local 306, admits that he was present at the Union's meetings in June, September and

---

**1.** Given the extended history of this case, I shall review only those facts relevant to the present motion.

**2.** All counts against Defendant Cineplex Odeon Corporation were previously dismissed. *See* Order dated February 27, 1995.

October 1992. Amended Complaint ("Am. Cplt.") ¶¶ 81–82, 91; Affidavit of April Harris, Attorney for Defendant Local 306 ("Harris Aff."), Exhibits ("Exs.") H and K. Brodsky spoke in favor of Herr at each meeting. *Id.* However, Brodsky was not retained as Herr's counsel until after the June meeting. *Id.,* Ex. J at 19–20.

The Union argues that Brodsky's personal knowledge and involvement in this matter require his withdrawal from this litigation. The Union contends that Brodsky should be disqualified because 1) he ought to testify on Herr's behalf, and 2) his firsthand knowledge of the events in question will impermissibly taint trial proceedings.

## II. *Legal Standard*

■ Motions to disqualify counsel are viewed with disfavor in this Circuit. *See, e.g., Cohen v. Acorn Int'l Ltd.,* 921 F.Supp. 1062, 1063–64 (S.D.N.Y.1995); *Complaint of Maritima Aragua, S.A.,* 847 F.Supp. 1177, 1179 (S.D.N.Y.1994); *Clark v. Bank of New York,* 801 F.Supp. 1182, 1197 (S.D.N.Y.1992). Such motions often are made to delay proceedings or to harass the opposing party. *Evans v. Artek Systems Corp.,* 715 F.2d 788, 791 (2d Cir.1983); *Board of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979). For these reasons, "motions to disqualify counsel should be subjected to heightened scrutiny." *Agee v. Paramount Communications, Inc.,* 853 F.Supp. 778 (S.D.N.Y.1994). The movant bears a heavy burden when it seeks to deprive the opposing party of its choice of counsel. *Evans,* 715 F.2d at 794.

■ The New York Code of Professional Responsibility ("Code") provides that

[i]f, after undertaking employment in ... pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on behalf of the client, the lawyer shall withdraw as an advocate ...,

except that the lawyer may continue as an advocate and may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)." [3]

Code of Professional Responsibility DR 5–102(A), N.Y.Jud.Law App. (McKinney 1992). While these rules are not binding upon the court, they nevertheless provide "guidance on issues of professional conduct." *Paretti v. Cavalier Label Co.,* 722 F.Supp. 985, 986 (S.D.N.Y.1989); *see also J.P. Foley & Co. v. Vanderbilt,* 523 F.2d 1357, 1359–60 (2d Cir. 1975) (Gurfein, J., concurring). Further, the Code should "not be mechanically applied when disqualification is raised in litigation." *S & S Hotel Ventures v. 777 S.H. Corp.,* 69 N.Y.2d 437, 444, 515 N.Y.S.2d 735, 508 N.E.2d 647 (1987).

■ The standard is clear that an attorney should be disqualified if he "ought" to testify on behalf of his client. However, "[d]isqualification may be required only when it is likely that the testimony to be given by the witness is necessary." *S & S Hotel,* 69 N.Y.2d at 445–46, 515 N.Y.S.2d 735, 508 N.E.2d 647; *see also J.P. Foley,* 523 F.2d at 1359. "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence." *S & S Hotel,* 69 N.Y.2d at 446, 515 N.Y.S.2d 735, 508 N.E.2d 647. A lawyer need not withdraw as counsel if it is "unlikely that he will be called as a witness because his testimony would be merely cumulative...." Ethical Consideration 5–10, N.Y.Jud.Law App. (McKinney 1992).

## III. *Application of Standard*

■ There is no question that Brodsky has first-hand knowledge of the events which transpired at the meetings of Local 306 in June, September and October 1992. Howev-

---

**3.** The exceptions provide that the lawyer may act as an advocate and also testify: 1. If the testimony will relate solely to an uncontested issue. 2. If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony. 3. If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the lawyer's firm to the client. 4. As to any matter, if disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as counsel in the particular case.
Code of Professional Responsibility, DR 5–101(B)(1–4), N.Y.Jud.Law.App. (McKinney 1992).

 

er, the minutes of these meetings, as well as deposition testimony, indicate that several other people were present. These other people—members of the Board and other union members—also have knowledge of these events. For example, Herr testified that at the June meeting, he counted over twenty-five people in attendance. Harris Aff., Ex. G at 173, 183, 186. Minutes of the September meeting indicate that several people were present, and that a count of the membership showed twenty people in attendance. Plaintiff's Memorandum in Opposition to Motion ("Opp.Mem."), Ex. B–3. Finally, at the October meeting, the minutes confirm that fifty-five members voted on whether to submit the issue of Herr's discharge to arbitration. Harris Aff., Ex. M at 7.

Given the large number of witnesses to the events at the three union meetings, any testimony Brodsky could offer would be merely cumulative. Therefore, Ethical Consideration 5–10 applies, and Brodsky cannot be disqualified on this basis. Additionally, the meetings in question were all audio recorded. Any information which Brodsky could provide is available on tape. *See Mazurkiewicz v. New York City Transit Authority,* 806 F.Supp. 1093 (S.D.N.Y.1992) (existence of tape recordings rendered attorney's testimony unnecessary). Further, there is no showing that Brodsky's testimony is necessary to Herr's case. Though the matters about which he could testify are significant, there is no showing that Brodsky's potential testimony should be afforded any more weight than that of the other union members present at the meetings.

Brodsky has represented that he can prove Herr's case at trial without requiring his own testimony. Opp.Mem. at 20–21. For that reason, the case upon which Local 306 so heavily relies, *Suarez v. Washington Beef Co. of New York, Inc.,* No. 91 Civ. 1395, 1992 WL 163186 (S.D.N.Y. June 22, 1992), is easily distinguishable. In *Suarez,* plaintiff's counsel explicitly stated that he would testify for

his client at trial, and was appropriately disqualified. Here, based on Brodsky's representation, it would be appropriate to preclude Herr from calling Brodsky on his direct case or in rebuttal. Along the same lines, it would also be appropriate to preclude Local 306 from calling Brodsky in the absence of a showing that his testimony would not be merely cumulative.

 Finally, it is worth noting that this litigation has been pending for over four years. A disqualification at this point, without any showing of attorney misconduct or impropriety, would result in yet another lengthy and unnecessary delay.[4] *See Mazurkiewicz,* 806 F.Supp. at 1094 ("[A] delay in the proceedings ... is not justified by the concerns that defendant raises."). The motion is denied. A conference is scheduled for August 27, 1996 at 4:30 p.m.

SO ORDERED.

---

4. A further delay in these proceedings, combined with the effect of losing his counsel after four years, would work a "substantial hardship" on Herr. *See Mazurkiewicz,* 806 F.Supp. at 1094 (disqualification of counsel who had represented client for several years would "wreak a substantial hardship on the plaintiff."). Brodsky, as a full-time projectionist and union member, has a distinctive value to Herr as his attorney in this particular action. Therefore, Brodsky falls under the exception to disqualification found at DR 5–101(B)(4). *See* note 3, *supra.*